## ALBRIGHT *et al.* v. WILEY.

No. 6463.    Opinion Filed April 5, 1916.

(156 Pac. 1192.)

**FAILURE TO FILE BRIEF—Reversal.** Syllabus in **Midland Elevator Co. v. Harrah,** 44 Okla. 154, 143 Pac. 1168, is adopted.

(Syllabus by Burford, C.)

*Error from District Court, Texas County;*
*W. C. Crow, Judge.*

Action by M. G. Wiley, administrator of the estate of Mary J. Wiley, deceased, against E. J. Albright and others, on a promissory note and to foreclose a mortgage. Judgment by default for plaintiff, and defendants bring error. Reversed, and new trial granted.

*John L. Gleason,* for plaintiffs in error.

Opinion by BURFORD, C.  In this action the defendant in error has filed no brief and the time therefor has long expired.  From the brief of the plaintiffs in error it fairly appears that the trial court rendered a judgment by default, reciting that defendants had neither appeared, demurred, nor answered.  It further appears that defendants had filed a demurrer, and upon it being overruled had taken time to answer, and that their answer was filed within the time fixed by the court.  The answer was filed upon the same day that the judgment was rendered, and it does not appear whether the answer was filed before or after the judgment was entered.

However this may be, the entry of the judgment was error.  If the answer was on file when the judgment was rendered, the court had no power to enter a default.  If

the answer was not on file, still the time had not expired within which the answer might be filed under the court's order theretofore made, and to default the defendant at such a time was clearly wrong. Doubtless the order was entered by inadvertence, as the court cannot be expected to know all the papers or orders on file in the clerk's office. Why no motion was made to vacate or set aside the judgment in the trial court does not appear. The brief of plaintiffs in error appearing to fully sustain the errors above referred to, we are not required to search the record to find something to sustain the judgment.

The cause is reversed, with directions to the trial court to set aside the judgment and grant defendants a trial.

By the Court: It is so ordered.